```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SUK HAN YOON,
```

       Plaintiff,        MEMORANDUM AND
                    ORDER

     -against-           12-CV-3845 (RLM)

```
JAMAICA FRENCH CLEANERS,
INC., et al.,
```

        Defendants.
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

  Before the Court is a motion by plaintiff Suk Han Yoon ("plaintiff") requesting that the Court strike the answer of defendants Jamaica French Cleaners, Inc., Metro Cleaners of NY Corp., Daniel Kim, and In Young Kim (collectively, "defendants") and enter a default against each of them. For the reasons set out below, this Court grants plaintiff's motion.

## BACKGROUND AND FACTS

  Plaintiff brought this action on August 3, 2012, asserting claims against defendants under federal and New York state wage and hour laws. See Complaint (Aug. 3, 2012), Electronic Case Filing ("ECF") Docket Entry ("DE") #1. Defendants, through their then-counsel Diane H. Lee, Esq., filed an answer on September 12, 2012. See Answer (Sept. 12, 2012), DE #7. With the consent of all parties, the case was thereafter reassigned to the undersigned magistrate judge for all purposes, including entry of judgment. See Consent to Proceed Before a United States Magistrate Judge (Jan. 10, 2013), DE #14. On September 9, 2013, following the close of discovery and an aborted effort by plaintiff's counsel to withdraw

plaintiff's claims,[1] Ms. Lee moved to be relieved as counsel for defendants. See Motion to Withdraw (Sept. 9, 2013), DE #31. In response, this Court issued an Order on September 13, 2013, scheduling a hearing on the motion for September 26, 2013. See Scheduling Order (Sept. 13, 2013) ("9/13/13 Order"), DE #33. This Court specifically directed the individual defendants Daniel Kim and In Young Kim to appear in person with their attorney, warning them that their failure to timely appear at the hearing might result in sanctions against them or their entities, and/or the entrance of default judgments against defendants. Id.

Despite actual notice of the Court's 9/13/13 Order, defendants failed to appear in court for the hearing. Minute Order (Sept. 26, 2013) ("9/26/13 Order"), DE #36. Moreover, at the hearing, it came to light that defendants had not responded to their attorney's communications in almost four months. See id. For these and other reasons, the Court granted attorney Lee's motion to withdraw. See id. Next, the Court ordered defendants to inform the Court, in writing, by October 7, 2013, if they intended to continue to defend this action. See id. Noting that entities may not proceed *pro se* in federal court, the Court also ordered defendants to locate new counsel for the entity defendants by October 25, 2013. See id. Finally, the Court warned defendants that "[f]ailure to timely comply with these directives may result in the striking of their answers and other sanctions." Id. Copies of the 9/26/13 Order were

---

[1] At a fairness hearing held on May 24, 2013, in connection with plaintiff's counsel's filing of a stipulation of discontinuance, plaintiff advised the Court that his attorney, E. Peter Shin, had not spoken with him about the legal consequences of discontinuing the action; the Court permitted plaintiff to withdraw that stipulation and reopened discovery. See Minute Entry (May 24, 2013), DE #24; see also Stipulation of Dismissal (Apr. 10, 2013), DE #18; Letter (May 1, 2014), DE #19.

subsequently mailed to defendants, see Docket Entry (Sept. 26, 2013), and outgoing defense counsel translated portions of the Court's order into Korean for their benefit.[2]

Defendants did not comply with the Court's order. In fact, to date, this Court has received no correspondence from defendants, and no new notices of appearance have been filed on their behalf. Now, plaintiff moves to strike defendants' answer and for entry of default against all four defendants. See Notice of Motion (June 19, 2014), DE #40 at 1–2; Affirmation in Support (June 19, 2014), DE #40 at 3. Noting that defendants had apparently ignored plaintiff's motion, this Court, "[o]n pain of sanctions, including but not limited to the granting of plaintiff's motion to strike," directed defendants to respond to plaintiff's motion by August 19, 2014. Order (Aug. 12, 2014), DE #42. That date has now passed, and defendants remain unresponsive.

## DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure authorizes district courts to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to appear at a . . . pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). The cited provisions of Rule 37, in turn, authorize sanctions including "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party[.]" Fed. R. Civ. P. 37(b)(2)(A)(iii) & (vi). "Imposing

---

[2] The Court, in its 9/26/13 Order, directed Ms. Lee to arrange for Korean translations of the order to be served on defendants. See 9/26/13 Order. Defense counsel mistakenly translated only the docket text associated with the 9/26/13 Order, which contained most but not all of the substance of the order itself. See Letter (Oct. 8, 2013); compare 9/26/13 Order with Docket Entry (Sept. 26, 2013).

sanctions pursuant to Rule 37 'is within the discretion of the district court . . . .'" World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp., 694 F.3d 155, 159 (2d Cir. 2012) (quoting John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988)).  Factors guiding the district court's exercise of discretion include the following: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." Id. (alteration in original) (internal quotation marks omitted) (quoting Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009)).  However, these factors are non-exclusive, and the district court has wide discretion in issuing "just" sanctions under Rules 16 and 37. Cf. id. (addressing Rule 37 sanctions) (citing S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010)).

Culpability or intent is a primary concern under Rule 37, which does not authorize a sanction terminating the case where the failure to comply "has been due to inability, and not to willfulness, bad faith, or any fault" on the part of the party against whom sanctions are sought. Societe Int'l v. Rogers, 357 U.S. 197, 212 (1958).  On the other hand, the entry of a default judgment as a sanction is appropriate in the face of willful misconduct, "to achieve the purpose of Rule 37 as a credible deterrent 'rather than a paper tiger.'" Update Art, Inc. v. Modiin Publ'g, Ltd., 843 F.2d 67, 71 (2d Cir. 1988) (quoting Cine Forty–Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1064 (2d Cir. 1979)); see also id. at 70–72 (upholding judgment entered under Rule 37 in plaintiff's favor on copyright claims where defendants acted in bad faith and refused to comply with discovery orders).  While

dispositive relief is a severe sanction that should be granted only sparingly, see World Wide Polymers, 694 F.3d at 159, a "continuing saga of dilatory conduct" will satisfy the threshold for entering a default judgment under Rule 37, U.S. Freight Co. v. Penn Cent. Transp. Co., 716 F.2d 954, 955 (2d Cir. 1983). "[H]ere, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." Sieck v. Russo, 869 F.2d 131, 134 (2d Cir. 1989) (quoting National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976)).

Measured against the above standard, defendants' course of conduct warrants striking their answer and entry of default.

The duration and willfulness of defendants' conduct clearly support a dispositive sanction here. Defendants have consistently ignored this Court's orders for almost one year, beginning with their failure to attend a hearing on their attorney's motion to withdraw pursuant to the Court's 9/13/13 Order. They have not merely failed to offer a valid excuse for their noncompliance, but rather have provided no response in any form. "[T]he only reasonable inference is that in ignoring the Court's orders, defendants willfully abandoned their defense of this case." Microsoft Corp. v. Computer Care Ctr., Inc., No. 06–CV–1429 (SLT)(RLM), 2008 WL 9359718, at *5 (E.D.N.Y. Apr. 8, 2008), adopted, 2008 WL 4179653 (E.D.N.Y. Sept. 10, 2008). This willful refusal to litigate the case, in turn, supports the sanction of default. Id.; see also Montblanc-Simplo GmbH v. Colibri Corp., 692 F.Supp.2d 245, 252

(E.D.N.Y. 2010) (defendant's continued silence concerning discovery and other pretrial matters was sufficiently willful to support default judgment).

Defendants' persistent disregard for this Court's orders, despite ample notice from the Court and opportunities to respond, shows that lesser sanctions would be futile in this case. Repeatedly, this Court has warned defendants that their course of conduct would result in severe sanctions, including the striking of their answer and entry of a default. Such repeated warnings that conduct will lead to the imposition of sanctions, coupled with ample time and opportunities to respond, warrant dispositive relief. See Update Art, 843 F.2d at 72; Computer Care, 2008 WL 9359718, at *4. Any sanctions less harsh than striking defendants' answer and entering a default would be fruitless where, as here, the defendants have willfully abandoned their defense of the case. See Montblanc-Simplo, 692 F.Supp.2d at 252–53 (collecting cases). To put an end to defendants' "continuing saga of dilatory conduct," U.S. Freight Co., 716 F.2d at 955, the Court hereby strikes defendants' answer and enters a default against each defendant.[3]

When a default is entered, the defendant is deemed to have admitted all well-pleaded allegations in the complaint pertaining to liability. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir.1992). However, unlike allegations pertaining to liability, allegations in connection with damages are not deemed admitted in the event of a default. Id. Hence, the Court defers the calculation of damages pending the

---

[3] Since corporate entities are not permitted to proceed *pro se* in federal court, the entity defendants' failure to retain new counsel provides an independent basis for entering defaults against them. See, e.g., Computer Care, 2008 WL 9359718, at *3 (collecting cases).

submission of a fully-supported motion for default judgment by plaintiff. After receipt of plaintiff's motion, the Court will decide whether or not to hold an evidentiary hearing.

## CONCLUSION

For the reasons set out above, the Court strikes defendants' answer and enters a default against all four defendants. Plaintiff shall submit a fully-supported motion for default judgment by September 22, 2014; defendants' responses are due by October 9, 2014.

The Clerk is directed to enter this Memorandum and Order into the ECF system and to send copies via Federal Express to defendants at the following addresses:

>Jamaica French Cleaners, Inc.
>169-03 Jamaica Avenue
>Jamaica, NY 11432
>Attn: Daniel Kim and In Young Kim

>Daniel Kim, In Young Kim,
>and Metro Cleaners of NY Corp.
>120-37A 5th Avenue, 1st Floor
>College Point, NY 11356

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**August 22, 2014**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**