UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SUK HAN YOON,

                            Plaintiff,                              MEMORANDUM
                                                                       AND ORDER

                        -against-                                12-CV-3845 (RLM)

JAMAICA FRENCH CLEANERS,
INC., et al.,

                              Defendants.
-------------------------------------------------------------x

        On August 22, 2014, this Court granted a motion by plaintiff Suk Han Yoon ("plaintiff") to strike the answer of defendants and, accordingly, entered a notation of default against each defendant. See Memorandum and Order (Aug. 22, 2014) ("8/22/14 M&O") at 6, Electronic Case Filing ("ECF") Docket Entry ("DE") #43. In doing so, the Court noted that, although defaulting defendants are deemed to have admitted all well-pleaded allegations in the complaint pertaining to liability, "allegations in connection with damages are not deemed admitted in the event of a default." Id. at 6 (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). Therefore, the Court "defer[ed] the calculation of damages pending the submission of a fully-supported motion for default judgment by plaintiff." See 8/22/14 M&O at 6-7. In response, on September 22, 2014, plaintiff filed a motion for default judgment. See Motion for Judgment (Sept. 22, 2014), DE #44. The Court has reviewed the papers submitted by plaintiff in connection with his motion and finds them deficient in several respects.

First, plaintiff submitted a memorandum of law that fails to address the relevant facts and legal authority supporting his claim for damages. See Memorandum of Law in Support of Motion for Entry of Default Judgment (Sept. 22, 2014), DE #44-2. In fact, plaintiff's memorandum of law is nearly word for word the same memorandum of law he filed in support of his motion to strike, a motion that necessarily involved different facts and legal standards. Compare id. with Memorandum in Support of Motion to Strike (June 19, 2014), DE #40-1.

The only evidence plaintiff submits in support of his damages is a letter plaintiff's counsel sent to defense counsel in November 2012 that sets forth various categories of damages plaintiff sought to recover. See Letter to Diane H. Lee (Nov. 2, 2012) ("11/2/12 Let."), DE #44-4 at 23-26. There is nothing in the record, however, to support those underlying categories of damages, such as an affidavit from plaintiff and/or documentary evidence.[1] Nor

---

[1] Although the Court is not now ruling on plaintiff's entitlement to damages, it appears that plaintiff has incorrectly calculated most of his claimed damages. For instance, plaintiff calculates his overtime damages based on a regular rate of pay of $15.00, which he computes by dividing his weekly compensation of $600 by forty hours per week. See 11/2/12 Let. at 1. Plaintiff's complaint, however, alleges that he received a flat salary of $600 per week for all hours worked and that he regularly worked seventy hours per week. See Complaint (Aug. 3, 2012) ¶¶ 28-29, DE #1. Thus, based on those numbers, plaintiff's regular hourly rate would be $8.50, not $15.00. See 29 C.F.R. § 778.113 (providing instructions on how to calculate the regular rate of pay for employees paid a weekly salary). In addition, plaintiff improperly calculates his spread-of-hours damages based on plaintiff's regular rate of pay, rather than using the applicable state minimum wage. Compare 11/2/12 Let. at 3 with N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4. Plaintiff also improperly calculates his liquidated damages, in that, among other things, he seeks federal liquidated damages on state law claims and fails to acknowledge the changes in state law concerning liquidated damages that took place as of April 2011. See 11/2/12 Let. at 4. These are just a few examples and should not be viewed as a comprehensive list of errors. See, e.g., Peralta v. M&O Iron Works, Inc., 12-CV-3179 (ARR), 2014 WL 988835, at *10-11 (E.D.N.Y. Mar. 12, 2014) (declining to award cumulative liquidated damages in FLSA/NYLL action). Thus, before resubmitting his motion for default judgment, plaintiff should carefully scrutinize the legal basis for each category of requested damages.

is plaintiff's request for attorney's fees supported by contemporaneous time records or by a declaration from counsel attesting to his hourly rate and experience, as required in this Circuit. See, e.g., N.Y. State Assoc. for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983).

As the Court previously observed, a defendant's default is not deemed to admit allegations in a complaint concerning damages. See 8/22/14 M&O at 6. For the reasons above, plaintiff has not demonstrated his entitlement to damages, and, thus, the Court denies plaintiff's motion without prejudice. With great reluctance, the Court will give plaintiff one final chance to file and serve a motion for default judgment that is *fully* supported with legal citations and relevant evidence. He must do so, via ECF, no later than October 15, 2014; defendants' responses are due by November 3, 2014.

The Clerk is directed to enter this Order into the ECF system and to send copies via Federal Express to defendants at the following addresses:

> Jamaica French Cleaners, Inc.
> 169-03 Jamaica Avenue
> Jamaica, NY 11432
> Attn: Daniel Kim and In Young Kim
>
> Metro Cleaners of NY Corp.
> 568 Metropolitan Avenue
> Brooklyn, NY 11211
> Attn: Daniel Kim and In Young Kim
>
> Daniel Kim and In Young Kim
> 120-37A 5th Avenue, 1st Floor
> College Point, NY 11356

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**October 1, 2014**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**