**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
**SUK HAN YOON,**

                       **Plaintiff,**                        **MEMORANDUM**
                                                                **AND ORDER**

                  **-against-**                               **12-CV-3845 (RLM)**

**JAMAICA FRENCH CLEANERS,**
**INC., et al.,**

                       **Defendants.**
------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

        On August 22, 2014, this Court granted a motion by plaintiff Suk Han Yoon ("plaintiff") to strike the answer of the defendants and, accordingly, entered a notation of default against each defendant.[1] See Memorandum and Order (Aug. 22, 2014) at 6, DE #43. In doing so, the Court directed plaintiff to file "a fully-supported motion for default judgment by September 22, 2014 . . . ." Id. at 7. Although plaintiff timely filed a motion for default judgment, see Motion for Judgment (Sept. 22, 2014), DE #44, the papers submitted by plaintiff were deficient in several material respects, which the Court detailed in a Memorandum and Order issued on October 1, 2014. See Memorandum and Order (Oct. 1, 2014) at 1-3, DE #45. For that reason, the Court denied plaintiff's motion for default judgment without prejudice and, "[w]ith great reluctance," gave plaintiff "one final chance to file and serve a motion for default judgment that is *fully* supported with legal citations and

---

[1] In January 2013, with the parties' consent, the case had been reassigned to this magistrate judge for all purposes. See Consent (Jan. 10, 2013), Electronic Case Filing Docket Entry ("DE") #14.

relevant evidence." Id. at 3 (emphasis in original). Plaintiff was directed to do so by October 15, 2014. Id.

Plaintiff did not comply with that order, nor has he taken any further action to pursue his claims. Plaintiff was therefore directed to show cause, via ECF, by March 20, 2015, why the case should not be dismissed for lack of prosecution. See Order To Show Cause (Mar. 16, 2015), DE #46. Plaintiff was expressly warned that his failure to timely comply with the Court's Order to Show Cause would result in an order dismissing the complaint with prejudice and closing the case. See id. Plaintiff nevertheless has persisted in flouting the Court's orders and has apparently abandoned the case.

## **DISCUSSION**

Where, as here, a plaintiff fails to reasonably pursue his claims, and violates court orders, the case may be dismissed with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 41(b). Courts in the Second Circuit consider five factors in exercising their discretion under Rule 41(b): (1) the duration of the plaintiff's failure to comply with court orders; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) the efficacy of lesser sanctions. Spencer v. Doe, 139 F.3d 107, 112–14 (2d Cir. 1998). Generally, no single factor is dispositive. See id. at 113 (citing Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)).

Most of the five relevant factors support dismissal in this case. Plaintiff has ignored the

last two orders issued by this Court and has taken no action in the case for the past six months. Plaintiff was expressly warned in the Court's Order To Show Cause earlier this month that his failure to timely respond would result in an order dismissing the complaint with prejudice. Plaintiff's interest in being heard thus appears to be non-existent, in contrast to the Court's strong and legitimate need to manage its docket. Inasmuch as the threat of dismissal failed to incentivize plaintiff to resurrect his case, it seems highly unlikely that lesser sanctions would be more effective. Finally, although defendants, having defaulted, will not be prejudiced by further delays in the proceedings, all of the other factors weigh strongly in favor of dismissal. The Court therefore concludes that, on balance, dismissal with prejudice is warranted here.

## CONCLUSION

For the foregoing reasons, plaintiff's complaint is dismissed with prejudice for lack of prosecution, pursuant to Fed. R. Civ. P. 41(b).

The Clerk is requested to docket this Memorandum and Order into the ECF case and to close the case.

**SO ORDERED.**

**Dated:** Brooklyn, New York
March 24, 2015

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**